## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD GLOVER,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **CIVIL NO.  23-2691** |
| | : | |
| **SPEEDWAY, LLC,** | : | |
| | : | |
| *Defendant.* | : | |

### MEMORANDUM

**Scott, J.**                                                                                  **January 30, 2024**

Plaintiff Richard Glover filed this premise liability action against Defendant Speedway, LLC in the Philadelphia County Court of Common Pleas. The case proceeded through that court's arbitration program, and an arbitration panel awarded Plaintiff $50,000, inclusive of attorney's fees and costs. Defendant appealed this arbitration award and then filed a Notice of Removal to this Court. Presently before the Court is Plaintiff's Motion to Remand (ECF No. 3), which has been fully briefed. ECF Nos. 4, 8. For the reasons set forth below, Plaintiff's Motion will be granted, and this case will be remanded to the Philadelphia County Court of Common Pleas. An appropriate Order will follow.

### I.       BACKGROUND & PROCEDURAL HISTORY

On July 22, 2022, Plaintiff filed this premise liability action against Defendant in the Philadelphia County Court of Common Pleas. ECF No. 1, Ex. A. In his Complaint, Plaintiff specifically indicated that the amount in controversy was not in excess of $50,000. *Id.* Because of this representation, pursuant to Philadelphia County Court of Common Pleas' Local Rule 1301, this matter proceeded through the County's Compulsory Arbitration Program. ECF No. 1 ¶ 11; *see*

1

*also* Phila. Court Common Pleas Civil Rule *1301. The matter was arbitrated by the parties on June 9, 2023, and the arbitration panel awarded Plaintiff $50,000, inclusive of attorney's fees and costs. ECF No. 1 ¶ 12. On July 6, 2023, Defendant filed a timely appeal and demanded a jury trial. *Id.* ¶ 13. Soon after, on July 14, 2023, Defendant filed a Notice of Removal to this Court alleging removal was proper pursuant to 28 U.S.C. §§ 1332 and 1441. ECF No. 1.

On July 25, 2023, Plaintiff filed a Motion to Remand arguing that this Court lacks subject matter jurisdiction over this action. ECF No. 3. On August 9, 2023, Defendant filed a Response in Opposition to Plaintiff's Motion to Remand (ECF No. 4), and then, on September 18, 2023, filed a Supplement to its Answer to Plaintiff's Motion to Remand. ECF No. 8. Accordingly, this matter is ripe for disposition.

## II.     LEGAL STANDARD

"A civil action brought in state court may be removed by the defendant to federal district court if the federal court would have had original jurisdiction over the claim." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing 28 U.S.C. § 1441(a)). "Federal district courts have 'original jurisdiction of all civil actions' between citizens of different states, 'where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Sciarrino v. State Farm Fire & Cas. Co.*, 476 F. Supp. 3d 91, 93 (E.D. Pa. 2020) (quoting 28 U.S.C. § 1332(a)). "[I]n removed cases, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (quoting 28 U.S.C. § 1447(c)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Id.* (citation omitted). "When assessing a

motion to remand for lack of subject matter jurisdiction, 'all doubts [should be] resolved in favor of remand.'" *Andrews v. Nike, Inc.*, No. 21-2793, 2021 WL 5042460, at *1 (E.D. Pa. Oct. 29, 2021) (quoting *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996)).

## III.   <u>DISCUSSION</u>

In support of his Motion to Remand, Plaintiff relies on *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122 (2023), for the proposition that a corporation that registers to do business in a state consents to personal jurisdiction in that state. *See* ECF No. 3 at 7. Plaintiff argues that because Defendant consented to personal jurisdiction in Pennsylvania, there is no diversity of citizenship. *Id.* This argument incorrectly conflates personal jurisdiction with subject matter jurisdiction, and as such, has no bearing on this Court's diversity of citizenship analysis.

In fact, contrary to Plaintiff's argument, complete diversity between the parties exists here. For purposes of diversity jurisdiction, an individual is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citation omitted). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (citation omitted). On the other hand, "[a] partnership, as an unincorporated business entity, assumes the citizenship of all its partners." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citations omitted). Similarly, "[a] limited liability company is a citizen of all the states of its members." *Id.* "[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Lincoln Ben. Life Co.*, 800 F.3d at 105 n.16 (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).

Applying these principles to this case reveals that complete diversity between the parties exists. Plaintiff's domicile is in Pennsylvania, making him a citizen of Pennsylvania. ECF No. 1 at 1. Defendant's citizenship, as an LLC, is a bit more complex. As Defendant represents, Speedway, LLC's "sole member is SEI Speedway Holdings, LLC, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Texas." *Id.* SEI Speedway Holdings, LLC is in turn "wholly owned by 7-Eleven, Inc., a Texas corporation, with its principal place of business in Texas." *Id.* Thus, Defendant is a citizen of Texas and Delaware. *Id.* Accordingly, complete diversity between Plaintiff and Defendant exists.

The second requirement for Section 1332 jurisdiction is that the amount in controversy exceeds $75,000.[1] "The Supreme Court has long held that Plaintiff is master of [his] claim and may limit [his] damages to keep the amount in controversy below the threshold." *Fitzgerald v. Target Corp.*, No. 23-cv-1086, 2023 WL 3727004, at *1 (E.D. Pa. May 26, 2023) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1983)). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)). "Courts in this district have found that 'where the complaint expressly limited damages to $50,000 for purposes of arbitration' pursuant to Pennsylvania's compulsory arbitration provision, 'the amount in controversy does not meet the $75,000 jurisdictional minimum.'" *Mordecai v. Progressive Cas. Ins. Co.*, No. 19-cv-4351, 2019

---

[1] The Court notes that Plaintiff did not explicitly make any argument concerning the amount in controversy. Nonetheless, this Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

WL 5787980, at *4 (E.D. Pa. Nov. 5, 2019) (quoting *Plunkett v. Nationwide Mut. Ins. Co.*, No. 14-6545, 2014 WL 7271380, at *3 (E.D. Pa. Dec. 22, 2014)).

As indicated above, Plaintiff's Complaint specifically demands judgment against Defendant "in an amount not in excess of Fifty Thousand Dollars, ($50,000.00), plus costs." ECF No. 1, Ex. A at 7. Pursuant to the Philadelphia County Court of Common Pleas' Local Rules, the case was placed in the court's mandatory, non-binding arbitration program, where the jurisdictional limit is $50,000. ECF No. 1 at 3. The matter was then arbitrated, and the arbitration panel awarded Plaintiff $50,000, inclusive of attorney's fees and costs. *Id*. Defendant appealed this award and is now attempting to try the case in this Court arguing that "if plaintiff is able to establish the defendant is liable for [his] damages, it appears that plaintiff's damages *may* exceed the statutory threshold of $75,000." ECF No. 1 at 3 (emphasis added).

Such speculation by Defendant does not satisfy the amount in controversy required for Section 1332 jurisdiction. "[C]ourts in this district have repeatedly held that a mere possibility that a plaintiff *could* recover more than $75,000 for an appeal of a compulsory arbitration is insufficient to prove that the amount in controversy *does* exceed $75,000." *Holliday v. State Farm Ins. Co.*, No. 23-CV-2499, 2023 WL 4826752, at *3 (E.D. Pa. July 27, 2023) (internal quotation marks and citation omitted) (collecting cases). Moreover, here, it is not Plaintiff that filed the appeal of the arbitration award, but Defendant. Defendant, in trying to prevent paying an award of $50,000, is arguing that its second bite at resolving the matter *could* result in it having to pay an amount more than the jurisdictional threshold of $75,000. Such an argument is unconvincing.

As this Court must resolve all doubts in favor of remand, the Court finds Defendant's pure speculation does not suffice to establish the $75,000 jurisdictional minimum. Therefore, this Court

lacks subject matter jurisdiction over this matter and must remand the case to the Philadelphia County Court of Common Pleas.

**IV.**     **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 3) will be granted and this case will be remanded to the Philadelphia County Court of Common Pleas. An appropriate Order follows.

**BY THE COURT:**

*/s/ Kai N. Scott*_____

**HON. KAI N. SCOTT**
**United States District Court Judge**